UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACCESS 4 ALL, INC., a Florida Non Profit
Corporation, and JOE HOUSTON, Individually,

Plaintiffs,

Case No. 6:11-CV-1976-ORL-18KRS

vs.

BIG LOTS STORES, INC., an Ohio Corporation,

Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and JOE HOUSTON, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, BIG LOTS STORES, INC., an Ohio Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

2. Defendant's property, Big Lots Stores, is located at 122 South Nova Road, Ormond Beach, FL in the County of Volusia.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See, also, 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Joe Houston is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Houston is a quadriplegic and uses a wheelchair to ambulate. Joe Houston has visited the property which forms the basis of this lawsuit on several occasions and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 10. The barriers to access at the property have endangered his safety, and adversely affected his ability to use the facilities, including but not limited to the restroom at the premises. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 6.

6. Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its

disabled members and their claims.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Big Lots, and is located at 122 South Nova Road, Ormond Beach, FL.

8. ACCESS 4 ALL, INC. and Joe Houston have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Joe Houston desires to visit Big Lots not only to avail himself of the goods and services available at the property but to assure himself that these property are in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Big Lots Store has shown that violations exist. These

violations which Joe Houston personally encountered, include, but are not limited to:

**Entrance Access and Path of Travel**

    A.      There are curb ramps at the facility that contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.

    B.      There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.

**Access to Goods and Services**

    C.      There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

    D.      There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG.

**Restrooms**

    E.      There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

    F.      . The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

    G.      The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

    H.      There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

    I.      There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG.

    J.      The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG.

    K.      There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

    L.      The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

M.  Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG.

N.  Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the Big Lots Store

to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiffs respectfully request:

    A.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    B.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    C.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Date: 12/8/11

John P. Fuller, Esquire (Trial Counsel)
FBN 0276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile:  (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiffs Access 4 All, Inc. and Joe Houston*